JACOB DERICKSON, Administrator of MARY A. C. DERICK-
SON, Deceased,

*vs.*

ANNIE W. GARDEN, Widow and Executrix of FRANCIS R.
GARDEN, Deceased, and HANNAH W. GARDEN, Admin-
istratrix of WILLIAM A. GARDEN, Deceased.

New Castle, Feb. T. 1880.

*Bequests of personal property; interest of legatee for life, with
limitation over; failure of contingency.*

Where a bequest of personal property for life is limited over upon a con-
tingency, the interest of the first taker will, on failure of the con-
tingency, become absolute.

BILL FOR THE CONSTRUCTION OF A WILL.—The facts and
question presented are fully stated in the opinion.

*George Gray* for the complainant.

*George H. Bates* for defendant Annie W. Garden :

The construction which gives to Mrs. Garden the entire
fund absolutely is fully sustained by the authorities.

The word "property" is equivalent to "estate," and will
pass the entire interest of the testator. This is true even as
to real estate, *a fortiori* as to personalty. 2 Jarm. Wills, 190;
4 Kent, Com. 535.

The superadded words, "for her to keep and enjoy for life,"
are clearly not intended to limit the estate given to Mrs. Gar-
den. They refer manifestly to the proposed limitation by
way of remainder to an heir if one should be born prior to
testator's death. This limitation never took effect, leaving
the bequest as if it had been an ordinary legacy of personal
property to Mrs. Garden without any words of limitation.
Such a bequest would carry the absolute interest.

It is the well settled rule of the common law that a bequest
of personal estate for life carries the absolute interest, and
limitations of personalty to take effect *in futuro* were not per-
mitted. 2 Bl. Com. 398.

It was only the effort to preserve limitations by way of

remainder in personal property that gave birth to life estates
in such property.   Hence the life estate only existed as an
incident of or connected with a limitation over.   And the
limitation over was necessary to reduce a gift of personalty to
a life estate.   Hence, where there was no limitation over, a gift
of such property for life remained, as before, an absolute gift.
And where there was limitation over which failed, the life
estate becomes the absolute interest.   This was and is so, not
only by reason of the ancient common-law doctrine, but also
because an implication was raised that it was the intention of the
testator that the gift was absolute to the first taker, subject to
the taking effect of the limitation.   *Whittell* v. *Dudin*, 2 Jac.
& W. 279 : *Hulme* v. *Hulme*, 9 Sim. 644; *Winckworth* v.
*Winckworth*, 8 Beav. 576 ; *Campbell* v. *Brownrigg*, 1 Phila.
301.

A stronger case than this in favor of life estate was held
to be absolute in the first taker.   *Brownfield's Estate*, 8
Watts, 465.

A limitation to one for life expressly, but with a limita-
tion over to the legal heirs of legatee, vest the legacy in the
first taker absolutely.   *Kay* v. *Kay*, 3 C. E. Green, 495.
And the same is true of a legacy to one and " her children
after her."   *Johnson* v. *Johnson*, 1 McMull. Eq. 345.

It is believed that no case can be found where a bequest
for life with limitation over which fails gives any right by
way of reversion to the next of kin.

There are abundant authorities to the effect that even
where there is a limitation over there is no right to security,
much less in a case like the present.   1 Roper, Leg. 315,
316 ; *Brownfield's Estate*, 8 Watts, 465 ; 7 Watts, 203.


THE CHANCELLOR.—The complainant in the bill in this
cause prays that the rights of the parties to the suit in the sum
of $6,000 be ascertained and declared by a decree of the court;
and that the defendant Annie W. Garden be required to
secure the said sum, or so much thereof as the complainant
may be found entitled to receive at the death of the said Annie

W. Garden, or that the same may be invested under the order of the court, so that so much of the principal thereof as the complainant may be held entitled to may be preserved intact until his right to the possession of the same accrues.

There is no dispute about the facts out of which the cause, real or supposed, arises.

Francis R. Garden by his will, dated August 28, 1858, devised and directed as follows: " To my dear and well beloved wife, Annie W. Garden, I will and bequeath all of my property, both real estate and personal, not only what I now possess, but what I am hereafter to possess, for her to keep and enjoy for life; but should she marry again, then said property to be considered exclusively settled on her alone, provided I die without an heir; but if previous to my death I should have an heir, then in that case that child to inherit the property at the mother's death, provided she remain my widow, but should she marry again, then in that case the child at once to receive the property,—the mother to be its sole guardian, the second husband not to be able to touch either principal or interest, or to have any say in it whatever."

The testator had no child previous to his death. He died without any child surviving him. Letters testamentary on the testator's estate were granted to his widow.

The whole of testator's estate consisted of a debt due from Isabella A. Garden, which, after deducting expenses, costs, and charges in probating the will, etc., which was contested, and in collecting said debt, was in clear balance $6,000. It is to procure a decision as to whom this balance under the will belongs to, that this suit has been instituted.

The testator left to survive him his widow, Annie W. Garden, one brother, William A. Garden, and one sister, Mary A. C. Derickson, the wife of the complainant. William A. Garden, the brother, afterwards died, leaving a widow, who is his administratrix, and three children, viz., William A. Garden, Kate M. Garden, and Isabella A. Garden. The said Mary A. C. Derickson, the sister of the testator, has since his death also died, leaving to survive her her husband, the complainant, who is her administrator.

Has the complainant any interest in the personal estate of Francis R. Garden, and has he any right to invoke the protection of such interest by this court?

The superior court, in the case of *Pepper* v. *Warrington,* 4 Harrington, 55, decided that a bequest of personal property for life, without any further limitation of it over, is an absolute gift; and in the case of *Savin* v. *Savin,* the report of which is to be found in a note to that case, it was said that originally there could be no limitation over of a chattel, and a gift for life carried the absolute interest.

This is still the law as to such articles of personal property in which the use consists in the consumption. But when the law came to be settled with regard to executory devises, it was held, as a part of this peculiar and very technical branch of the law, that, in regard to such chattels as might be used without being consumed, a limitation after a life estate would be good by way of executory devise. "In this form, and only in this form," say Clayton, Frame, and Comegys in their report, which was affirmed by the court, "have we been able to find any judicial sanction for a departure from the old common-law principle, that a gift of a chattel for life is an absolute gift of it." "In no case has it been held," they proceed to say, "that the donor, grantor, or devisor of chattels for life, by will, or otherwise, could retain any interest in the chattels in himself, for his own benefit or for that of his personal representative, or could dispose of such interest to another, unless in the form of executory devise made at the time of the bequest of the life estate."

Let us apply these principles to the will of Francis R. Garden. An analysis of its provisions will serve to discover its proper meaning.

The first clause of the will is: "To my dear and well beloved wife, Annie W. Garden, I will and bequeath all of my property, both real estate and personal, not only what I now possess, but what I am hereafter to possess, for her to keep and enjoy for life." If the will had stopped here, there can be no doubt but the wife would have taken an absolute interest

in the personal estate according to the decisions cited from our own reports.   Such must be her interest unless something has been added to the above provision which lessens that interest.   The next clause of the will, but in immediate connection with the former, is: " But should she marry again, then said property to be exclusively settled upon her alone, provided. I die without an heir."   This does not limit the extent of the widow's interest in the personal estate, but manifests the testator's intention that it shall be settled upon her alone, and inferably that neither the second husband nor any other person should have any interest therein.

The next provision is: " But if previous to my death I should have an heir, then in that case that child to inherit the property at the mother's death, provided she remains my widow."   This does not reduce the widow's estate absolutely, but only on a contingency which never happened and which cannot now happen.

The next clause is: " But should she marry again, then in that case the child at once to receive the property, the mother to be its sole guardian,—the second husband not to be able to touch either principal or interest, or to have any say in it whatever."   This proposed limitation of interest in the widow was also upon a contingency which has never and which cannot now ever happen.

Wherever in the will there is any proposed limitation upon the absolute interest of Annie W. Garden, the wife of the testator, it is upon the birth of a child in his lifetime—an event which never happened and which cannot now happen.

The contingency failing which alone could possibly affect the absolute character of her interest in the personal estate bequeathed, it continues absolute, and there is no remainder or other interest in said personal property of the testator to be in any manner protected by a decree of this court.

The bill is dismissed, with costs.