SAMUEL COPELAND, executor of the will of JOHN W. BARRON, in equity,

*vs.*

BETSEY P. BARRON and another.

Penobscot.    Opinion April 19, 1881.

*Will.    Life-estate.    Bequest for life with power of disposal.*

A testator bequeathed to his father and mother, and the survivor of them, a sum of money for their use and support, during the term of their lives; any part thereof remaining unexpended after their death, besides paying their funeral expenses and purchasing grave stones for them, to go to the testator's son.

*Held:*  That the legatees took a life-estate, and not an absolute property, in the money; that they are entitled to the custody and control of the money during their lifetime, or until used and expended for their support; and that the court could not interfere with their possession of it, unless in an extreme case of unfitness of the legatees to exercise the discretion committed to them, or in the case of a threatened wanton ill-use of the fund intrusted to their care.

BILL in equity brought to obtain a construction of the third item in the will of John Wilson Barron.

The item is recited in the opinion.

George W. Barron was deceased at the time of bringing the bill.

*Thomas H. B. Pierce*, for the executor.

*V. A. and M. Sprague*, for Betsey P. Barron, cited: *Jones* v. *Bacon*, 68 Maine, 35; *Gifford* v. *Choate*, 100 Mass. 343; *Pickering* v. *Pickering*, 1 Brad. 269; *Hale* v. *Marsh*, 100 Mass. 468; *Breton* v. *Mocket*, 9 Ch. Div. 95; *Parnell* v. *Parnell, Id.* 96; *Perry* v. *Merrett*, 18 Eq. Cas. Eng. Dec. 152; *Bayford* v. *Smith*, 14 Ves.; *Harris* v. *Knapp*, 21 Pick. 412; *Jackson* v. *Bull*, 10 Johns. 19; 12 Johns. 389; *Pickering* v. *Langdon*, 22 Maine, 430; *Kuhn* v. *Webster*, 12 Gray, 3; 2 Redf. Wills, 419; *Gibbins* v. *Shepard*, 125 Mass. 541.

*D. D. Stewart*, for Wilson D. Barron.

In the construction of wills the intention of the testator as expressed in the will shall prevail, if consistent with law, and that intention is gathered from the whole will. *Hall* v. *Preble*, 68 Maine, 101; *Fox* v. *Rumery*, *Id.* 127; *Dawes* v. *Swan*, 4 Mass. 215; *Cotton* v. *Smithwick*, 66 Maine, 367; *Norris* v. *Beyea*, 13 N. Y. 283; *Sweet* v. *Chase*, 2 N. Y. 79; 1 Redf. Wills, 431, 445, 449–454.

The intention of the testator in this case is wholly inconsistent with the claim now set up that this one thousand dollars is to be paid over to Betsey P. Barron at once. *Smith* v. *Bell*, 6 Pet. 68.

"And if any part shall remain unexpended after their death besides paying funeral expenses and putting up grave stones, the said remainder shall go to my son, Wilson D. Barron."

Who was to pay the funeral expenses and put up the grave stones? The legatees clearly could not pay their own funeral expenses and put up their own grave stones. But the executor could, and he is to hold the one thousand dollars as quasi trustee. *Field* v. *Hitchcock*, 17 Pick. 183; *Dole* v. *Johnson*, 3 Allen, 367; *Dimmock* v. *Bixby*, 20 Pick. 374; *Van Vechton* v. *Van Veghten*, 8 Paige, 125; *Gott* v. *Cook*, 7 Paige, 522; *Evans* v. *Massey*, 1 Young & Ves. 197; *Webb* v. *Earl of Shaftsbury*, 7 Ves. 480; *Estate of Mary England*, 1 Russ. & Myl. 499; *Hultoke* v. *Gell*, *Id.* 515; *Bowers* v. *Smith*, 10 Paige, 199; Hill Trustees, 543, 548; *Campart* v. *Campart*, 3 Brown's Ch. 196; *Pedrotte's Will*, 27 Beavan, 583; *Tattersoll* v. *Howell*, 2 Meriv. 26; *Maberly* v. *Turton*, 14 Ves. 499; 1 Smith's Ch. Pr. 653, 660; Bennett's Master in Ch. 4, 5, 17, 48, 110.

These authorities show ample power in the court to appoint a master in chancery to report the amount necessary for the support of Betsey P. Barron.

This case is unlike *Jones* v. *Bacon*, 68 Maine, 34, and falls within the exception stated in *Ramsdell* v. *Ramsdell*, 21 Maine, 288; see *Smith* v. *Snow*, 123 Mass. 323; *Johnson* v. *Battelle*, 125 Mass. 453; *Kuhn* v. *Webster*, 12 Gray, 3; *Ayer* v. *Ayer*, 128 Mass. 575; *Malcolm* v. *Malcolm*, 3 Cush. 472; *Saunderson* v. *Stearns*, 6 Mass. 37; *Slade* v. *Patten*, 68 Maine, 380.

PETERS, J.   The legacy in question is this :   "3.  I give and bequeath to my father and mother, George W. Barron and Betsey P. Barron, or the survivor of the two, the sum of one thousand dollars, to be paid to them from the proceeds of my life insurance, for their use and support during the term of their lives, and if any part of said sum shall remain unexpended after their death, besides paying their funeral expenses and putting up gravestones, the said remainder shall go to my son Wilson D. Barron."

The first question is, whether the primary legatees take the property absolutely, or only for life.

It is a well settled general rule, that, if a gift be absolute and entire in its terms, any limitation over afterwards is repugnant and void.   A testator cannot divide an estate into more parts than the estate contains.

It is contended, by the primary legatees, that this bequest falls within this rule, upon the ground that the life-estate first given and the power of disposition over the remainder afterwards added, combined in the same persons, constitute in such persons an estate in fee ; that the two parts of the estate coalesce and merge into one, thus creating an absolute and unqualified gift.

But, upon two grounds, the bequest must be regarded as giving an estate for life only, with a power of disposal ; and not an absolute property.   *First:*  Because the gift is not absolute and entire in its terms, the power of disposition annexed being qualified and conditional, and not an absolute power.   *Second:* Because, if an estate is given for life in express terms, it is not to be extended by implication arising from an annexed power of disposal, however unqualified.   Implication is admitted in the absence of, and not in contradiction to, an express limitation. *Stuart* v. *Walker, ante,* p. 146.

It is not probable that a testator would, in the same instrument, devise to a person an estate for life in express terms, and then give him the remainder of the same estate by implication.   In *Popham* v. *Banfield,* Salked, 236, one of the earliest cases upon this question, the court said, "there was a mighty difference between a devise to A. and if he die without issue then to B,

and a devise to A, *for life*, and if he die without issue, then to B. Where a particular estate is devised, we cannot, by any subsequent clause, collect a contrary intent, inconsistent with the first, by implication." In the case at bar, any other construction would deprive the words "during their natural life" of all meaning. These are words of limitation. The estate is not only a life-estate, but is expressly limited to life. Had the power of disposal been absolute and unconditional, as it is not, even then it could not have extended the legal estate that vested in the first takers. The privilege of disposition is a collateral gift of power, and not a gift of property. The life-estate and the remainder vested in the different devisees at the same moment. Nor can the remainder be prevented from coming to the possession of the alterior takers except by a full exercise of the power to dispose of the gift. The case of *Stuart* v. *Walker*, *supra*, embodies a reference to numerous authorities in support of this position ; and the late case of *Herring* v. *Barrow*, L. R. 13 Ch. Div. 144, a case exactly in point, should be added to the list. See same case in L. R. 14 Ch. Div. 263.

*Ramsdell* v. *Ramsdell*, 21 Maine, 288, a leading case among the authorities touching the construction of wills, is appealed to by the primary legatees in defence of their position. There seems to be some misapprehension as to the true purport and scope of the rules imposed by that case. The following propositions are there stated : "It has become a settled rule of law, that if a devisee or legatee have the absolute right to dispose of the property at pleasure, a devise over is inoperative. But where a life-estate only is clearly given to the first taker, with an express power, on a certain event or for a certain purpose, to dispose of the property, the life-estate is not by such power enlarged to a fee or absolute right; and the devise over will be good."

Where a devisee or legatee is spoken of in this language of that judgment, it has reference to cases where devises or legacies are made in general or indefinite terms, without words of limitation ; as where I devise you my farm or give you my ship, describing

the object given, but without stating the nature or quantum of the estate, or what its duration is to be ; that being a matter of implication to be gathered from all parts of the will. And where a life-estate is spoken of, it refers to a life-estate arising by implication, and not to one expressly created or limited to life. It must be borne in mind that the discussion in that case related to a life-estate created by a rule of the common law in force in this State prior to the statutes of 1841. The revised statutes of 1841 provided, that a devise of land should be construed to convey all the estate of the devisor therein, unless it appears by the will that he intended to convey a lesser estate. Prior to 1841, as to realty, the presumption was the other way. By the common law, a devise in general terms, without words of inheritance added, was not efficacious to convey an estate in fee ; unless the intention of the testator to that effect could be collected from that in connection with all other parts of the will. A general devise, the interpretation of which was unaided by any light cast upon it from other portions of the will, carried a life-estate by implication or by construction of law. An absolute power of disposal added thereto, being equivalent to the use of words of inheritance, would enlarge such life-estate to a fee ; while a qualified power of disposal would not have that effect. But now the opposite rule of construction or presumption prevails. Words of inheritance are now *prima facie* implied by a general or naked devise. From the nature of things, any power of disposal added to such a devise cannot extend it. It now only serves to emphasize and repeat the gift. But a limited or special power of disposal annexed to a general devise, with limitation over, may restrain and limit the devise to the life-time of the devisee. It is evident enough that the rules laid down in *Ramsdell* v. *Ramsdell*, do not apply to a life-estate expressly created, where, as in the present case, the testator expresses his intention in direct and unambiguous terms.

It is asserted by the learned counsel for the persons who claim as ulterior takers in the present case, that the case of *Ramsdell* v. *Ramsdell*, even as understood by us, cannot stand against the opposing case of *Smith* v. *Bell*, 6 Pet. 68. But the latter case,

in its advanced position upon this question, has not been followed in this State, and is contrary to the authorities generally. Bigelow's Overruled Cases, 456 ; *Gifford* v. *Choate*, 100 Mass. p. 346 ; *Homer* v. *Shelton*, 2 Met. p. 201 ; *Albee* v. *Carpenter*, 12 Cush. p. 387.

Another question is, whether the life-legatees are entitled to the possession of the money bequeathed. We think they are. Had the testator bequeathed chattels instead of money, their right to the custody of the property, upon giving an inventory of it, would be unquestioned. But money may be limited over as well as chattels. It has frequently been held that a bequest of money for life, and then over, gives only the interest. *Field* v. *Hitchcock*, 17 Pick. 182 ; 1 Jarman on Wills (5th ed.), Bigelow's note, *879. But in this case the legatees are to have not only the interest of the money, but are entitled to expend so much of the capital as may be required for their support. The legacy is payable directly to them by the terms of the will. The meaning of the bequest is, that the money (payable out of the insurance fund) goes to the legatees for their use and support, and not that it is to be paid to them as they may need it for their support. This construction is not prevented by the provision in the bequest that the funeral expenses of the first takers may be paid out of the fund bequeathed. Their own administrators may see to that. The estates of the legatees for life would be chargeable for any unexpended balance, and those expenses, if paid by their administrators, would make the charge upon their estates so much the less. *French* v. *Hatch*, 28 N. H. 331.

If it were a clear case of the unfitness of legatees to exercise the discretion committed to them, or if it were shown that there was danger of a wanton abuse of the confidence reposed in them, a court of equity might, in a proper case for action of the kind, interfere in behalf of the remainder-man. But no such question is presented. We are merely called upon to interpret a bequest in a will. The testator has not indicated a desire that his executor should retain and manage this fund. *Si voluit non dicit.* He provides for neither a trust nor trustee. He evidently relied upon the honesty and judiciousness of the legatees for a proper man-

:agement of the money. He must have anticipated that they might freely expend it. The will does not provide that any of the fund shall be left for any purpose ; it requires no unexpended balance ; it merely provides for a remnant, if one is left. The testator has seen fit to place a personal confidence in his father and mother, which without a change of circumstances, it would be unwarrantable in us to disrespect. If he trusts them, we cannot distrust them without sufficient cause. Our opinion is, that the fund, and any accumulations of it in the executor's hands, must be paid to the surviving legatee, Betsey P. Barron. *Warren* v. *Webb*, 68 Maine, 133 ; *Starr* v. *McEwan*, 69 Maine, 334 ; *Sampson* v. *Randall, ante*, 109 ; 1 Rop. Leg. 315 ; 2 Red. Wills, 654, and note ; *Johnson* v. *Goss*, 128 Mass. 433 ; *Shaw* v. *Hussey*, 41 Maine, 495, 502.

It is claimed that the expense of this litigation should be assessed upon the legacy in dispute. The general rule is, that whenever the testator raises a doubt in regard to the meaning of his will, his general property must pay for settling it. 1 Red. Wills, 495 ; *Shepheard* v. *Beetham*, L. R. 6 Ch. D. 597. It seems just and equitable, under the present circumstances, that each party should bear his own expenses and costs.

*Decree accordingly.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.