EDMUND S. HELLINGS, Administrator *de bonis non cum testamento annexo* of the Estate of John J. Mooney, deceased,

*vs.*

HARRY E. MOONEY, CATHERINE R. FILMAN, JANE KNIGHT, JOHN E. KNIGHT, ISABELLA MACINTOSH, EMMA J. HOBERGER and SECURITY TRUST COMPANY, a Delaware corporation, Executor named in a paper writing dated July 28, 1926, purporting to be the Last Will and Testament of Anna M. Mooney, deceased.

*New Castle, Dec. 6, 1935.*

*Edmund S. Hellings,* of Wilmington, in *propria per-*

*James H. Hughes, Jr.,* and *Paul Leahy,* of the firm of Ward & Gray, for Harry E. Mooney and Catherine R. Filman.

*Ivan Culbertson,* for Jane Knight, John E. Knight, Isabella MacIntosh, and Emma J. Hoberger.

*James M. Malloy,* for Security Trust Co., executor under will of Anna M. Mooney, deceased.

THE CHANCELLOR: The question in this case arises under the will of John J. Mooney. His will is a short one. After bequeathing five hundred dollars to his sister, Catherine R. Filman, he gave, quoting the language of the will, "all the remaining personal property, real estate, insurance and money in bank to my wife, Anna M., for life," and appointed his wife as executrix.

The testator died January 31, 1926, leaving his wife to survive him. She took out letters testamentary and thereafter died. The complainant was appointed administrator *d. b. n. c. t. a.* of the estate of John J. Mooney.

The complainant as administrator *d. b. n. c. t. a.* has come into possession of cash, shares of stock (since sold by him, the proceeds of which he holds) and a thousand dollar bond. This personal property composed a part of the estate of John J. Mooney and was in the possession of his wife, as executrix of his estate, when she died.

Mrs. Mooney left what purported to be a last will and testament to the probate of which exceptions were filed in Pennsylvania where she appears to have resided. The possible distributees of her estate as well as the Security Trust Company of this State which was named as executor in her alleged will, are parties defendant herein. So also are the persons joined as parties defendant who would be entitled under the laws of this State to receive the personal property of John F. Mooney upon intestacy.

The point at issue between the parties is whether or not Anna M. Mooney, the wife of the testator, took an absolute interest in all of her husband's personalty or, whether she took only a life interest. If she took only the latter, then the reversionary interest after her death would be distributable as intestate property to Harry E. Mooney and Catherine R. Filman, the brother and sister of the testator.

The question is not an open one in this jurisdiction so far at least as any question can be settled short of the court of last resort. It first arose in the Superior Court sometime prior to 1843 in the case of *State to Use of Savin v. Savin,* reported in a note to *State, to Use of Pepper v. Warrington, Ex'r.,* 4 *Har.* 55, at *page* 56. In that case the bequest of personal property was to the testator's widow "during her natural life." The case was referred to John M. Clayton, Samuel M. Harrington and Joseph P. Comegys, all of whom were distinguished both at the bar and later on the bench. They reported to the court that though the intent of the testator was plain that the widow should have only a life interest in the personalty, yet he had not manifested that intent in the only mode known to the law, which was by way of executory devise; and as he had not resorted to that exceptional mode of creating a life interest in personalty, the general principle of the common law that a gift of chattels for life is an absolute gift controlled the bequest. Wherefore, they concluded, the widow took the personalty absolutely. The court entered judgment accordingly on their report.

The same question arose later in this court in 1880 in the case of *Derickson, Adm'r., v. Garden, Ex'rx., et al.,* 5 *Del. Ch.* 323. There the language of the will was "to my * * * wife * * * all of my property, both real and personal * * * for her to keep and enjoy for life." Chancellor Saulsbury applied the rule of *State v. Savin, supra,* and in substance decreed the interest in the fund of six thousand dollars to be absolute in the wife.

In *Williams, Adm'r., v. Floyd, Adm'r.,* 12 *Del. Ch.* 256, 259, 112 *A.* 377, 379, Chancellor Curtis was not called upon to decide the question; but he stated it to be the law in this State that "a gift of personal property for life with no gift over is an absolute gift."

Such is the law in this State. It is to be observed, however, that there is authority elsewhere to the contrary. Indeed, Professor Gray asserts that the better supported doctrine is contrary to the Delaware rule. *Gray, Rule Against Perpetuities,* (3d *Ed.*) § 97. See, also, *Ibid.,* §§ 85, 90 and *App. F.* § 852. In view, however, of the decisions in this State, both at law and in equity, which clearly lay down the rule as governing in the law of personal property, I do not feel at liberty to examine the subject anew. The rule has been too long settled as accepted law in Delaware to be disturbed except by a judgment of the Supreme Court of the State.

It is sought to make something of a distinction because of the fact that the testator joined personalty with realty in the same dispositive language. The case of *Deats v. Ziegener,* 82 *N. J. Eq.* 605, 89 *A.* 31, is cited in support of the suggested distinction. That case does say that conceding the rule to be that a gift of personalty for life, standing alone, confers an absolute interest, yet where the personalty is commingled with realty in a gift for life, the beneficiary takes only a life interest in the personalty. The logic of the court seems to be that in such a case the intent to confer only a life interest in the personalty is unmistakably revealed, as it is to be supposed that the same interest was meant to be enjoyed in the personalty as the testator conferred, with the law's permission, in the realty. This is but to discover by implication an intent to give only a life interest. But an intent of that character is expressly manifested by the words "for life." That phrase is in no wise strengthened by an implication *aliunde* that it means what it plainly means. Under the rule of this State, the question is not one of intent. It is a question of the legal effect of

disposing words regardless of intent. It is to be noted that in *Derickson, Adm'r., v. Garden, Ex'rx., et al., supra,* the testator mingled his personal and his real property in a mass and disposed of it as a unit for life, as in the New Jersey case cited *supra.* But the Chancellor applied the rule without regard to that circumstance. I do not see how he could have consistently done otherwise when once the premise is accepted that a gift of personal property for life with no gift over is an absolute gift.

The property in hand belongs to the estate of Anna M. Mooney and should be disposed of by the complainant accordingly.

Decree in accordance with the foregoing.