**In re the Last WILL and Testament of Theodore W. DIXON.**

Court of Chancery of Delaware,
New Castle County.

July 1, 1971.

James A. Walsh, of DeLuca, Julian & Walsh, Wilmington, for petitioner, Wilmington Trust Co. and for certain residuary legatees.

Steven J. Rothschild, of Prickett, Ward, Burt & Sanders, Wilmington, for certain residuary legatees.

Mason E. Turner, Jr., of Richards, Layton & Finger, Wilmington, for The Home of Merciful Rest Society.

SHORT, Vice Chancellor:

Wilmington Trust Company, trustee appointed by order of this court to administer a testamentary trust under the will of Theodore W. Dixon, seeks instructions as to the proper distribution of the corpus of the trust. The facts are not in dispute and the case is submitted for decision on the pleading.

Theodore W. Dixon (testator) died on June 10, 1949. By his will, dated December 12, 1948, testator provided:

"I bequeath the following:
100 shares of Wilmington Trust Company stock to Marie E. Bucher for her lifetime."

Following numerous other bequests the will provided: "All the rest and residue to be divided equally among the following: Mrs. Sara Lindsay, Miss Lola Crawford, Miss Marie E. Bucher, Dr. Marjorie Conrad, George Fouraker, Jim Walker-Hillcrest, Archibald Crozier, Herbert Mearns, Clarence Walker, Charlie Wilkins, Harry Williams.

At the time of testator's death all of the persons named in the residuary clause were living. At the time of death of Marie E. Bucher, the life beneficiary, on November 15, 1969 Lola Crawford, Archibald Crozier, Herbert Mearns, Clarence Walker, Charlie Wilkins and Harry Williams were also dead. Marie E. Bucher died leaving no next of kin. Lola Crawford died leaving no next of kin but during her lifetime and following testator's death she assigned all of her property to intervenor The Home of Merciful Rest Society. The remaining deceased residuary legatees died leaving next of kin.

The issue presented is one of construction: As of what time are those entitled to the corpus of the trust to be determined, at the date of testator's death, or at the date of death of the life beneficiary? More specifically, do the next of kin and the assignee (Respondents) of those named as residuary legatees who predeceased the life beneficiary share in the corpus in the right of their decedent or assignor, or is distribution confined to those residuary legatees who survived the life beneficiary (Survivors)?

As in all cases of will construction the cardinal rule is to determine and give effect to the intention of the testator as appears from the language of the entire will when read in the light of the surrounding circumstances. Delaware Trust Company v. McCune, Del.Ch., 269 A.2d 256, aff'd, Bank of Delaware v. Delaware Trust Company, Del.Super., 280 A.2d 534 (1971).

Survivors contend that testator's will discloses the intent that only those residuary beneficiaries who survived the life tenant should take the stock. They point to the fact that neither in the residuary clause nor in any of the several specific legacies did testator provide bequests to the legatees named "and their heirs." The significance attributed to this fact is not at all clear. If it has any significance it might well be taken as indicating an intent contrary to that contended for by Survivors, that is, that testator chose the time of his own death for the determination of right to bequests, those legatees who survived him being entitled and as to those who predeceased him the legacies would lapse. Delaware Trust Company v. McCune, supra, where it was held that the scheme of the will was to benefit only living persons, is not controlling. In *McCune* each of the specific bequests as well as the residuary was *expressly* conditioned on the legatee's surviving the testatrix. This was held to be a clear manifestation of intent. Here we are concerned with inferences to, be drawn from the language used or omitted and the contrary of that suggested by Survivors is no less logical. Moreover, the will here being considered is clearly of the "home-made" variety. It was obviously drafted by a person having little familiarity with legal terminology. In such case little if any significance is attributable to the absence of language noted by Survivors.

Survivors next contend that since testator made no specific gift in remainder his primary concern was for the life interest bequeathed to Marie E. Bucher thus raising the inference that he intended only those who survived the life tenant to benefit.

Not only is the premise of this contention without support in the will, but even if accepted the inference suggested does not necessarily follow. It is just as reasonable to infer that testator recognized that he had not in granting the life estate disposed of the whole interest in the stock and that the residuary clause was included to provide for its ultimate disposal as well as of property not mentioned in the will.

Survivors argue that the fact that the life beneficiary was also named as a residuary legatee indicates an intent to exclude those who predeceased her. In the case of class gifts in remainder the fact that the life tenant is a member of the class "does not prevent the life tenant from participating in the remainder of testator's estate as a part of the class." Security Trust Company v. Irvine, 33 Del.Ch. 375, 93 A.2d 528. The same well-settled rule is equally applicable to the case, as here, where the residuary beneficiaries are named. There is nothing in testator's will indicating a contrary intent. Certainly the mere recital of the fact does not so indicate.

I find nothing in testator's will or in the surrounding circumstances indicating the intention that only those residuary legatees who survived the life tenant are entitled to the shares of stock involved. This issue must, therefore, be determined according to the settled rules of will construction.

The law favors early vesting of estates. In re Will of Greenwood, Del. Supr., 268 A.2d 867; Asche v. Asche, 42 Del.Ch. 307, 210 A.2d 306. And whenever it is reasonably and fairly possible a remainder will be construed as vested and not merely contingent. Wilmington Trust Co. v. Bronxville Trust Co., 24 Del.Ch. 64, 5 A.2d 248. Even where the will uses words of survivorship it is presumed that they relate to the death of the testator if fairly capable of that construction. Security Trust Company v. Irvine, supra. A fortiori in the absence of words of survivorship there is a like and perhaps stronger presumption. But Survivors argue that

under the "settled law" in Delaware the gift over to the residuary beneficiaries following the death of the life tenant being of personal property which may be used without being consumed is good only by way of executory devise. They cite particularly Williams v. Floyd, 12 Del.Ch. 256, 112 A. 377 wherein Chancellor Curtis reviews the earlier cases of State to Use of Savin v. Savin, 4 Harr. 56 (footnote), State to Use of Pepper v. Warrington, 4 Harr. 55, and Derickson v. Garden, 5 Del. Ch. 323 and concludes that the rule applicable to personalty, whether the gift be general or specific, is as contended for by Survivors. It is significant, however, that none of the cited cases dealt with a gift over of specific personal property. Moreover, the law generally is to the contrary, the courts holding that the same sort of future interests are created in personalty as in realty. Simes & Smith, The Law of Future Interests, § 360. And there is an apparent inconsistency in our own decisions. In Cann v. VanSant, 24 Del.Ch. 300, 11 A. 2d 388, aff'd, Frame v. Cann, 24 Del.Ch. 353, 16 A.2d 248, it was held that a testamentary gift of a fund to a named person following an equitable life estate was a vested remainder. So also in Blackstone v. Chandler, 15 Del.Ch. 1, 130 A. 34, Fisher v. Barcus, 14 Del.Ch. 324, 127 A. 53, Hearn v. Hastings, 17 Del.Ch. 229, 152 A. 129, and Wilmington Trust Co. v. Bronxville Trust Co., supra.

But assuming that here the gift over to the residuary beneficiaries is good only by way of executory devise the result is the same as that which would follow if there interests were treated as vested remainders. In Kean's Lessee v. Roe & Hoffecker, 2 Harr. 103, 29 Am.Dec. 336, the then highest court of this state held that where an executory devisee died in the life time of the first taker leaving two children both of whom predeceased the first taker the father of the children inherited the devise under them. The court said: "Contingent as well as vested interests in either real or personal estate, and also executory de-

vises, and all possibilities coupled with an interest, where the person to take is certain, may be assigned or devised, and are transmissible to the representatives of the devisee, if he dies before the contingency happens: and when the contingency does happen, they vest in the representative of the real or personal estate as the case may be. It is otherwise, if the object of the limitation over is not ascertained or fixed; or the persons to whom the estate is to pass are not ascertainable until the contingency does happen." Here the object of the limitation over is fixed and the persons to take are certain.

In Gray Adm'r. v. Corbit, 4 Del.Ch. 357, this court stated the rule as follows: "[A] future interest be it ever so remote, will, if the person who is to take it in the event of its accruing die before that event happen, be transmissible to his representatives by descent, devise or assignment."

■ Thus the interests of the residuary legatees who predeceased Marie E. Bucher, the life tenant, whether termed vested, contingent or executory, were transmissible to their representatives by descent, devise or assignment.

The trustee is directed to divide the corpus of the trust into eleven equal parts, that being the number of residuary legatees named in the will, and to distribute the same as follows:

One of such parts to each of the Survivors, namely, Sara Lindsay, Dr. Marjorie Conrad (now Peatee), George Fouraker and Jim Walker-Hillcrest;

One of such parts to Mary Dodson Crozier, widow of Archibald Crozier, deceased;

One-half of one of such parts each to Mrs. Claude H. Setter and Mrs. Edward L. Ivey, daughters of Herbert Mearns, deceased;

One-fourth of one of such parts each to James H. Walker, John Aubrey Walker,

Anna Walker and Elizabeth Walker, children of Clarence Walker, deceased;

One of such parts to Anna Lachland, as next of kind of Charlie Wilkins, deceased;

One of such parts to Bertha Williams and Mrs. Vincent Boyce, widow and daughter respectively of Harry Williams, deceased;

One of such parts to The Home of Merciful Rest Society, assignee of Lola Crawford, deceased;

Marie E. Bucher having died leaving no next of kin the part to which she or her next of kin would have been otherwise entitled is to remain in the hands of the trustee pending further instructions. Counsel should advise me of their views as to the proper disposition of this part.