NEWPORT TRUST COMPANY, *Admr. vs.* JAMES C. JOHNSON, *Ex.*

JUNE 27, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

PER CURIAM. This is a bill in equity brought by the complainant as administrator, with the will annexed, of the estate of Benjamin F. Morrell for the construction of said will. The cause being ready for hearing for final decree has been certified to this court under provisions of Section 35, Chapter 339, G. L. 1923.

Benjamin F. Morrell by his will, which was admitted to probate in the Probate Court of the Town of Jamestown, bequeathed to his wife, Lucie Jay Morrell "All of my property both real and personal of what nature or kind soever. . . . The said Lucie Jay Morrell is by this my last will and testament to retain and hold in her own right all of the above named real and personal property with all present or future improvements, during her natural life, together with any property that may come into my possession in future; she has full power and discretion to use the property in any lawful way to provide for her comforts, that is to say, that she can sell or mortgage the property as circumstances may require."

No question arises as to the real estate as there was a gift over after the life estate but no disposition was made of the personal property after the termination of the estate for life. The questions presented for our determination relate to the personalty in the possession of the complainant and are as follows: (1) Is the bequest of personal property in Lucie Jay Morrell an absolute gift or a gift of a life estate only? (2) Shall the complainant, after paying therefrom all just debts, taxes and expenses of administration of the property chargeable to the estate of Benjamin F. Morrell—including the costs of this litigation—distribute such personal property as was not expended by Lucie Jay Morrell,

or by her guardian during her lifetime, among the next of kin of Benjamin F. Morrell, deceased, or pay and transfer the same to the respondent as the legal representative of the estate of Lucie Jay Morrell?

As there was no limitation over after the life estate in the personal property, it is contended by the respondent James C. Johnson, administrator of the estate of Lucie Jay Morrell, that as to the personalty an absolute estate in the same was vested in her.

By the great weight of authority a gift of personal property for life with no gift over does not vest the absolute property in the donee. Gray, The Rule against Perpetuities, 3d ed. § 852 and authorities cited. There are a few decisions to the contrary. In Delaware it is the settled law that a gift of personalty for life with no gift over is an absolute gift. *Savin* v. *Savin,* 4 Harrington 56; *Derickson* v. *Garden,* 5 Del. Ch. 323. To the same effect see *Merkel's Appeal,* 109 Pa. St. 235; *Drennan's Appeal,* 118 Pa. 176. But see *Kane's Estate,* 185 Pa. 544; *Davis* v. *Corwine,* 25 Ohio St. 668; *Deats* v. *Ziegener,* 82 N. J. Eq. 605.

The respondent further contends that to hold that the interest in the personalty was only a life estate would cause the testator to die intestate as to part of his estate and that the presumption is that a man does not intend to die intestate. *Industrial Trust Co., Ex.* v. *Gardner,* 44 R. I. 404. But this presumption cannot be invoked when the testator has used words which have a clear and distinct legal meaning and which would be nullified by the presumption. 28 R. C. L. p. 227 § 189. It would not be contended that a devise of real estate for life with no gift over would convey the fee. The rule is the same as above indicated if the subject-matter of the devise is personalty.

Our determination is that the said Lucie Jay Morrell took a life estate only in the personalty and that on her death the same reverted to the heirs of the testator.

The complainant, after paying all the just charges against the estate of Benjamin F. Morrell, should pay over the

balance to his next of kin, and the parties are so advised.

On July 3, 1933, at 9 o'clock a. m., standard time, the parties may present to this court a form of decree in accordance with this opinion.

*Burdick, Corcoran & Peckham, Edward J. Corcoran,* of Newport, for complainant.

*John B. Edwards,* for heirs of B. F. Morrell.

*Max Levy,* for respondent.