JACOB RUBENCANE, Trustee,

*vs.*

ELWOOD B. McKEE, Administrator, *et al.*

New Castle, Sept. T. 1886,

*Wills; vested legacy.*

1. A testator bequeathed as follows: "I give and bequeath unto my friend Jacob Rubencane the sum of $1,200; in trust; nevertheless, to pay the interest thereof unto my niece, Annabella Town, half-yearly for and during her natural life, . . ,. and from and immediately after the decease of the said Annabella Town, to pay the said principal sum of $1,200 to the child or children of the said Annabella Town, free and discharged from this trust." The remainder of his estate was devised to his nephew James. W. Ball, who was appointed executor. The testator died in 1851. Annabella Town died in October, 1885. She had two children, Anna T., born in 1844, and James, born in 1852. Anna. T. married in 1869 and died in April, 1885, leaving a husband and one child. James died in 1855, when about three years of age. *Held:*

   (*a*) That the legacy vested at the death of the testator in the children of Annabella Town, whether they survive their mother or not.

   (*b*) That on the death of Annabella Town, the administrator of the children took their respective shares by right of representation, and the trustee must pay them the trust fund accordingly.

2. The general rule is that a legacy in the form of direction to pay, or to pay and divide at a future period, vests immediately, if the payment be postponed for the convenience of the estate or to let. in some other interest.

BILL OF INTERPLEADER.—The bill is brought by Jacob. Rubencane, trustee of a fund under the will of John McKnight, deceased, against Elwood B. McKee, administrator of Anna T. McKee, and of James Town, deceased, and Charles M. Newlin, administrator *de bonis*

*non cum testamento annexo* of John McKnight, deceased, to determine conflicting claims to such fund.

The facts are stated in the opinion.

*Benjamin Nields* for the trustee.

*Lewis C. Vandegrift* for Newlin, administrator.

THE CHANCELLOR.—Jacob Rubencane, the complainant, as trustee under the last will and testament of John McKnight, deceased, has filed his bill against the defendants, praying that they may be decreed to interplead and settle between themselves their rights in respect to the sum of $1,200 mentioned in the fourth item of the last will and testament of John McKnight, late of Mill Creek Hundred, New Castle County, this State.

Said fourth item is in the following words: "I give and bequeath unto my friend Jacob Rubencane the sum of $1,200; in trust, nevertheless, to pay the interest thereof unto my niece, Annabella Town, half-yearly, for and during her natural life, without being subject to the debts, control, or interference of any present or future husband she may take, and her receipt alone to be a sufficient discharge; and from and immediately after the decease of the said Annabella Town, to pay the said principal sum of $1,200 to the child or children of the said Annabella Town, free and discharged from this trust. And my mind and will is, and I do hereby charge all my real and personal estate with the payment of the legacies or bequests hereinbefore mentioned."

The fifth item of the will is as follows: "All the rest, residue, and remainder of my estate, real and personal, I give, devise, and bequeath unto my nephew, James W. Ball, his heirs and assigns forever, charged and chargeable with the payment of the said legacies or bequests as hereinbefore provided."

James W. Ball was appointed executor of the will.

Annabella Town had a child born in the lifetime of the testator, in 1844, named Anna T. McKee. The testator died in 1851. Annabella Town had another child born after the testator's death, 1852, named James Town.

James Town died about 1855, aged three years.

Anna T. McKee married Elwood B. McKee in 1869, and died April 24, 1885, leaving to survive her her said husband, Elwood B. McKee, and one child, Francis T. McKee.

Annabella Town died October 6, 1885, without having had any other child or children.

The legacy of $1,200 was paid to the complainant, Jacob Rubencane, the trustee of the same, named in the will. This $1,200 is claimed by Elwood B. McKee, administrator of Anna T. McKee, deceased, and administrator of James Town, deceased; and also by Charles M. Newlin, administrator *de bonis non cum testamento annexo* of John McKnight, deceased, defendants in the bill of interpleader.

The question is, Did Anna T. McKee, the child of Annabella Town, born in 1844, in the lifetime of the testator, and James Town, a child of said Annabella Town, born after the death of the testator, take vested interests in the bequest of $1,200, the interest of which was to be paid by the trustee to their mother, Annabella Town, during her lifetime? And did their interests respectively survive to their administrator, they having died in the lifetime of their mother? Or did the said legacy lapse or become a portion of the estate of John McKnight, the testator, deceased? And is the same payable to his administrator *de bonis non cum testamento annexo?*

It is impossible that it should have lapsed, because the

interest thereon was payable to the complainant as trustee, during the lifetime of Annabella Town, which did not occur until October 6, 1885. This sum was in the hands of its trustee, named in the will from about 1852 until the present time, having been paid to said trustee by the executor of John McKnight, the testator, about the first-named period.

If the said $1,200 does not belong to the administrator of Anna T. McKee and James Town, children of Annabella Town, then it belongs, under the residuary clause of the will, to James W. Ball. John McKnight did not die intestate as to any portion of his estate. He bequeathed and devised his whole estate, real and personal, to the person named in his will. The $1,200 mentioned in the fourth item of his will was given to Jacob Rubencane, in trust to pay the interest thereof unto his niece, Annabella Town, half-yearly, for and during her natural life. "And from and immediately after the decease of the said Annabella Town, to pay the said principal sum of $1,200 to the child or children of the said Annabella Town, free and discharged from this trust."

The bequest of the principal sum was not to Annabella Town during her life, and from and immediately after her decease to any child or children of hers who might survive her; but the *corpus* of the $1,200 was devised to Jacob Rubencane in trust; not to pay that sum, but to pay the interest upon that sum to Annabella Town, half-yearly, during her natural life, and then "from and immediately after her decease to pay the said principal sum of $1,200 to the child or children of the said Annabella Town, free and discharged from this trust."

Can there be any doubt that had Anna McKee—who was born in the lifetime of the testator and survived him until April 24, 1885, and died only about six months be-

fore her mother—survived her mother she would have
been entitled to a share in this $1,200, the interest of
which was to be paid to her mother during her natural
life, "and from and immediately after her decease to be
paid to her child or children ?"

Was the surviving of her mother, made a condition to
her having any interest in the principal sum of $1,200,
made a condition by the testator in the bequest?   If not,
how is such a condition created?—and how can such a
condition be implied?

The same questions are applicable in respect to the
interest of James Town, the child of Annabella Town,
who was born after the death of the testator and died in
1855, aged about three years.

If the interest in the principal sum of $1,200 was a
vested interest in these children, respectively, then it
mattered not whether they survived their mother or not.
They were both children of Annabella Town.   Had they
survived their mother they would have been entitled to
receive from the trustee the said sum of $1,200.   Having
died before their mother, their interest, respectively, in
said sum survived to their administrator.

In the case of *Conwell* v. *Heavil*, 5 Harrington, 296,
it was decided that a bequest to A, B, and C, at the mar-
riage or decease of the testator's sister, to each $300 in
cash, to be paid them by his executor, was held to be a
vested legacy in A, B, and C.   In that case Elias Con-
well, one of the legatees, died after the testator, but be-
fore the death or marriage of the testator's sister, who
died unmarried.

The law applicable to such cases was thus stated by
*Chief Justice* Booth in the case referred to:   "When a
legacy is directed to be paid at a future time, or on a
future event, it is vested or contingent, according to the
intent of the testator, as expressed in his will.   If the

time or event is annexed to the payment of the legacy, it is vested; if to the substance or gift of the legacy, it is contingent; because such appears to be the intention of the testator.    Therefore, if a legacy be given to a person, payable or to be paid at or when he shall attain the age of twenty-one years, or at or upon any other definite period or event, the legacy becomes vested immediately upon the testator's death, and is transmissible to the executors or administrators of the legatee, although he dies before the time of payment.    But if the words 'payable' or 'to be paid' are omitted, and the legacy is given at twenty-one, or at or upon any other future period or event, the interest is contingent, and depends for its vesting on the legatee being alive at the period or event specified."

The case in 5 Harrington and the present case are very similar in their facts, and the law applicable to each is the same.

The payment of the legacy of $1,200, the right to which is in controversy in this cause, must be considered as postponed for the convenience of the estate, that the interest on the same might be paid to Annabella Town during her life.

It was not postponed on account of the age, condition, or circumstances of her children, who were to take the principal sum at her death.

The general rule on this subject is that a legacy in the form of direction to pay, or to pay and divide at a future period, vests immediately if the payment be postponed for the convenience of the estate or to let in some other interest.    Hawk. 232.

Now it is manifest, from the terms of the bequest, that the only reason why the legacy of $1,200 was postponed to the period of the death of Annabella Town, was that the interest might be paid to her for her life, free from

the control of her husband; and to secure this interest to her, the principal sum was given in trust to Jacob Rubencane, to pay the interest to her half-yearly, and from and immediately after her death to pay the sum held in trust by him to her child or children.

I think that there can be no doubt that a proper construction of this will requires that Rubencane, the trustee, should pay the legacy of $1,200 to the administrator of the children of Annabella Town, although she survived her children, because their interests, respectively, in said sum, were during their lives vested, and not contingent.

Let a decree be drawn accordingly.