WILMINGTON TRUST COMPANY, a corporation of the State of Delaware, Trustee under the Last Will and Testament of ALFRED R. JONES, deceased,

*vs.*

BRONXVILLE TRUST COMPANY, a corporation of the State of New York, Executor of the Last Will and Testament of ELIZA BURR JONES, deceased, and THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, a corporation of the United States of America, Executor of the Last Will and Testament of RAYMOND BURR JONES, deceased.

*New Castle, March 23, 1939.*

*Charles F. Richards,* of Richards, Layton & Finger, for complainant.

*Paul Leahy,* of Ward & Gray, for defendant Bronxville Trust Co., executor of Eliza Burr Jones, deceased.

*G. Burton Pearson, Jr.,* of the office of Hugh M. Morris, and *Leon Lauterstein,* of New York City (*Allan F. Ayres, Jr.,* of New York City, of counsel), for defendant Chase National Bank, executor of Raymond Burr Jones, deceased.

THE CHANCELLOR: This is a bill to construe the last will and testament of Alfred R. Jones, late of the City of Wilmington, deceased. Mr. Jones died October 4, 1918, and paragraph 4 of his will is as follows:

"I give and bequeath unto Wilmington Trust Company, a corporation existing under the laws of the State of Delaware, the sum of seventy thousand dollars in trust to invest the same and to pay the net income therefrom unto my beloved wife, Eliza Burr Jones, for and during the term of her natural life, or so long as she shall remain unmarried, and upon her death or marriage, to pay the principal, free and discharged from any trust, unto my said son, Raymond B. Jones. The provisions therein contained in favor of my said wife are to be in lieu and bar of any dower or other interest in my estate."

Paragraph 6 of the same will, also, provides:

"All the rest, residue and remainder of my estate and property, real, personal and mixed, whatsoever and wheresoever the same may be at the time of my death, I give, devise and bequeath unto my said son, Raymond B. Jones, his heirs, executors, administrators and assigns, forever."

The $70,000 which was bequeathed to the Wilmington Trust Company, in trust, under paragraph 4 of the will of Mr. Jones, was paid to that corporation after his death by the executor therein named, and Mrs. Jones received the income therefrom during her lifetime, but there are now conflicting claims to portions of the corpus of that fund.

The testator's son, Raymond Burr Jones, survived him, but died prior to the death of his mother, Eliza Burr Jones, and the only question that need be considered is whether, on the death of Mr. Jones, Raymond Burr Jones had a vested interest in the trust fund in question, or a mere contingent interest, depending on whether he survived Mrs. Jones.

The intent of the testator, as shown by the language used, is the important question to be determined in construing a will (*Doe ex dem. Rodney v. Roe and Burton,* 4 *Har.* 183; *duPont v. Peyton,* 15 *Del. Ch.* 255, 136 *A.* 149), but whenever it is reasonably and fairly possible courts will construe a remainder as vested, and not merely contingent. 2 *Simes Laws of Future Interest,* § 394; *Thompson on Wills,* (2d. Ed.) 362; 24 *Columbia Law Rev.,* 17, etc.

In *Blackstone v. Chandler,* 15 *Del. Ch.* 1, 130 *A.* 34, 35 quoting from *Conwell's Adm'r. v. Heavilo's Adm'r.,* 5 *Har.* 296, the Chancellor said:

"When a legacy is directed to be paid at a future time, or on a future event, it is vested or contingent, according to the intent and meaning of the testator, as expressed in his will. If the time or event is annexed to the payment of the legacy, it is vested; if to the substance or gift of the legacy, it is contingent; because such appears to be the intention of the testator. Therefore, if a legacy be given to a person, payable, or to be paid, at, or when he shall attain the age of twenty-one years; or at or upon any other definite period or event; the legacy becomes vested immediately on the testator's death; and is transmissable to the executors or administrators of the legatee, although he dies before the time of payment. But if the words 'payable' or 'to be paid' are omitted, and the legacy is given at twenty-one; or at or upon any other future period or event; the interest is contingent, and depends for its vesting on the legatee being alive at the period or event specified."

In the same case, *Blackstone v. Chandler*, quoting from 1 *Jarman on Wills*, (6th *Amer. Ed.*) star page 736, and *Roper on Legacies*, star pages 557 and 582, the Chancellor also said:

"Even though there be no other gift than in the direction to pay or distribute *in futuro*, yet if such payment or distribution appear to be postponed for the convenience of the fund or property, the vesting will not be deferred until the period in question."

See, also, *Rubencane, Trustee, v. McKee, Adm'r.*, 6 *Del. Ch.* 40, 6 *A.* 639; *In re Journey's Estate*, 7 *Del. Ch.* 1, 44 *A.* 795, and other cases cited in *Blackstone v. Chandler, supra.*

The trust fund in question was bequeathed in paragraph 4 of the testator's will to Wilmington Trust Company "in trust to * * * pay the net income therefrom unto" the testator's widow, Eliza Burr Jones, "for and during the term of her natural life * * * and upon her death to pay the principal, free and discharged from any trust, unto my said son, Raymond B. Jones."

In the same paragraph, Mr. Jones, also, expressly provides that the provisions "in favor of" his wife "are to be in lieu and bar of any dower or other interest in my estate."

In the residuary clause, in which Raymond Burr Jones is the sole beneficiary, the bequest is to "Raymond B. Jones, his heirs, executors, administrators and assigns, forever." But in paragraph 3 of his will, the language, relating to the bequest of certain shares of corporate stock to his son, is "I give and bequeath unto my son, Raymond B. Jones," without the addition of any such words of limitation. The same is true of the bequest of $10,000 to Wilbur C. Jones, in paragraph 2. But as there is nothing to indicate a contrary intent, it could hardly be contended that absolute property rights did not pass under these paragraphs of the testator's will.

The controversy in this case is between the executor of the estate of Raymond Burr Jones and the executor of

the estate of Eliza Burr Jones. But when the will of Alfred R. Jones is read as a whole, it is difficult to escape the conclusion that, with the exception of the bequest to Wilbur C. Jones, the testator intended his son, Raymond Burr Jones, to have the whole of his estate; and that a present gift to that effect was intended, though the payment of the $70,000 trust fund was postponed for the benefit of his widow so long as she lived and remained unmarried. *Rubencane, Trustee, v. McKee, Adm'r.*, 6 *Del. Ch.* 40, 6 *A.* 639; *Blackstone v. Chandler*, 15 *Del. Ch.* 1, 130 *A.* 34, and cases therein cited. In fact, it would require considerable circumlocution for the testator to express in clearer language his intent to create a vested interest in Raymond Burr Jones in the fund in question. See *Blackstone v. Chandler*, 15 *Del. Ch.* 1, 130 *A.* 34.

The Bronxille Trust Company, the executor of Eliza Burr Jones, deceased, claims that where the only words of gift in an instrument, creating a remainder in property, are found in a direction to divide and pay over, or in words of similar import, the remainder is contingent, and not vested. *Delafield v. Shipman*, 103 *N. Y.* 463, 9 *N. E.* 184; *Shipman v. Rollins*, 98 *N. Y.* 311; 2 *Simes Law Fut. Int.*, § 393, 394; *Thomp. Construct. Wills*, § 500, 24 *Col. Law Rev.*, 17.

It, also, claims that as the testator disposed of the trust fund in question, though on a certain contingency that did not happen, that fund does not compose a part of the residue of his estate (*Kerr v. Dougherty*, 79 *N. Y.* 327; *Belleville Savings Bank v. Aneshaensel*, 298 *Ill.* 292, 131 *N. E.* 682; *Schouler Wills, Exec. Admrs.*, (6th Ed.) *Vol.* 4, § 3236; 10 *A. L. R.* 1526, *etc.*), but it is unnecessary to consider that question.

The rule relied on by the executor of the estate of Mrs. Jones is applied by some courts, but it is a mere canon of construction to ascertain the intent of the testator, when such intent is not clearly apparent from an examination of

the whole will, and can, therefore, have no application to this case. *Simes Law of Future Int.*, § 393, 394; 24 *Columb. Law Rev.*, 17, etc. In fact, one of the well settled exceptions to the so-called divide and pay-over rule is that if the time of payment is merely postponed for the purpose of letting in an intermediate estate or interest created by the testator, the interest of the ultimate beneficiary is vested, and not contingent. *Blackstone v. Chandler*, 15 *Del. Ch.* 1, 130 *A.* 34; *Simes Law Fut. Int., Vol* 2, § 394; 24 *Columb. Law Rev.*, 17, etc. And even when the general rule is applied, it is subject to so many other limitations and exceptions that, in most cases, it is perhaps more confusing than helpful. *Simes Law Fut. Int.*, § 394; 24 *Columb. Law Rev.*, 17, etc. Because of that fact, many decided cases, including *Rubencane, Trustee v. McKee, Adm'r.*, 6 *Del. Ch.* 40, 6 *A.* 639, do not even mention it. See, also, *Simes Law Fut. Int.*, § 394; 24 *Col. Law Rev.*, 17, etc.

In *Rubencane, Trustee, v. McKee, Adm'r., supra,* where there was a bequest in trust, involving somewhat similar language to the will of Mr. Jones, the court, in holding that it created vested remainders, said [6 *Del. Ch.* 40, 6 *A.* 640]:

"The bequest of the principal sum was not to Annabella Town during her life and from and immediately after her decease, to any child or children of hers who might survive her, but the corpus of the $1,200 was devised to Jacob Rubencane in trust, not to pay that sum, but to pay the interest upon that sum to Annabella Town, half yearly, during her natural life, and then, 'from and immediately after her decease, to pay the said principal sum of twelve hundred dollars to the child or children of the said Annabella Town, free and discharged from this trust.' "

It is, therefore, apparent that, on the death of Alfred R. Jones, Raymond Burr Jones had a vested interest in the fund bequeathed to the Wilmington Trust Company, in trust, and that the executor of Raymond Burr Jones is now entitled to that fund.

Let a decree be prepared in accordance with this opinion.