HARRY F. CARPENTER, Surviving Trustee under the last Will and Testament of James L. Carpenter, deceased,

*vs.*

HARRY F. CARPENTER; JAMES H. CARPENTER; MINNIE C. DAVIS; SECURITY TRUST COMPANY, Executor of the last Will and Testament of Joseph L. Carpenter, deceased; SARAH J. CARPENTER, individually and as Executrix of the last Will and Testament of John Byron Carpenter, deceased; ARTHUR H. CARPENTER, individually and as Executor of the last Will and Testament of William Carpenter, deceased; PHILIP J. CARPENTER; ALLEN CARPENTER; FRANK L. CARPENTER; BERTHA L. CARPENTER, individually and as Executrix of the last Will and Testament of George M. Carpenter, deceased; GEORGE B. CHANDLER, individually and as Administrator of the estate of Margaret Anna Chandler, deceased; MARY HALL; NORMAN MCLEOD; DONALD MCLEOD; RALPH MCLEOD; ELIZABETH L. LOXLEY; JOSEPHINE L. SCHEMBS; WILLIAM W. LEVERING, Jr.; ESTELLE L. CHESTNUT; KATHERINE LEVERING; BARBARA L. SERRILL; WILLIAM W. LEVERING, JR., and HENRY CHESTNUT, Executors of the last Will and Testament of Wiliam W. Levering, deceased; JAMES S. LITTLE, individually and as Executor of the last Will and Testament of Adele C. Levering, deceased; JOSEPHINE LITTLE; JAMES S. LITTLE, Jr.; JOSEPH L. KRUPP; W. ASHTON KRUPP; LOUISE FURBER; ESTHER LINDERMAN; and GERMANTOWN TRUST COMPANY, Executor of the last Will and Testament of Emma Mason, deceased.

*New Castle, September 21, 1945.*

*William H. Foulk,* for complainant.

*Howard Duane,* for Harry F. Carpenter, James H. Carpenter, Minnie C. Davis, and Security Trust Company, Executor of Joseph L. Carpenter, respondents.

*John Van Brunt, Jr.,* of the firm of Killoran & Van Brunt, for Sarah J. Carpenter, individually and as executrix of John Byron Carpenter; Bertha L. Carpenter, individually and as executrix of George M. Carpenter; and Germantown Trust Company, executor of Emma Mason, respondents.

*William Poole,* of the office of Southerland, Berl & Potter, for Arthur H. Carpenter, individually and as executor of William Carpenter; and the other respondents.

PEARSON, Vice-Chancellor: The trustee asks instructions concerning the persons entitled to distribution of a fund given under the will of James L. Carpenter in the following language:

"I will and bequeath to Lydia E. Crossgrove the interest of Two Thousand Dollars to be paid each and every year during the period of her natural life. At her death I will and bequeath the said Two Thousand Dollars to be equally divided between my children, share and share alike."

At the testator's death, eleven of his children survived him. Some years later when Lydia E. Crossgrove died,

only three of the testator's children were living. The question is whether the fund vested at the testator's death in his eleven surviving children (subject to the interest of the life beneficiary), or whether the fund vested at the death of the life beneficiary in the children then living.

The surviving children insist that this was a gift upon a future event and was contingent until the death of the life beneficiary, relying upon *Conwell's Adm'r. v. Heavilo's Adm'r.*, 5 *Har.* 296. To my mind, that case rather supports a contrary view. Here, we have a simple instance of a testamentary gift to the testator's children, following a life interest, with no apparent purpose for the postponement of the gift other than to permit the payment of income to the life beneficiary. There is no indication of intent that the death of the life beneficiary should be a future event annexed "to the substance or gift of the legacy"; nothing to outweigh the constructional preference for the early vesting of estates or interests. See *Cann v. Van Sant*, 24 *Del. Ch.* 300, 11 *A.* 2*d* 388 (and cases cited), affirmed *Frame v. Cann*, 24 *Del.Ch.* 353, 16 *A.2d* 248; *Wilmington Trust Co. v. Bronxville Trust Co.*, 24 *Del.Ch.* 64, 5 *A.2d* 248; *Doe ex dem. Wright v. Gooden*, 6 *Houst.* 397.

The trustee should be instructed to make distribution of the fund on the basis that the gift vested in the testator's children living at his decease.

A decree accordingly will be advised.